No. 24-11996-J

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

*Jane Doe et al.*,
Plaintiffs-Appellees,

v.

*Surgeon General, State of Florida et al.*,
Defendants-Appellants.

U.S. District Court for the Northern District of Florida, No. 4:23-cv-114
(Hinkle, J.)

## DEFENDANTS-APPELLANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Mohammad O. Jazil
Michael Beato
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 274-1690

*Counsel for Defendants-Appellants Surgeon General and the Board Members*

Ashley Moody
  *Attorney General of Florida*
Henry C. Whitaker
  *Solicitor General*
Daniel W. Bell
  *Chief Deputy Solicitor General*
Myles S. Lynch
  *Assistant Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399
(850) 414-3300

*Counsel for Defendants-Appellants Surgeon General, State Attorney Gladson, and the Board Members*

*Jane Doe et al. v. Surgeon General, State of Florida et al.*

24-11996-J

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Under Rule 26.1 and Circuit Rule 26.1, Defendants-Appellants Surgeon General, State Attorney Gladson, and the Board Members certify that the CIP in Plaintiffs' motion for reconsideration is complete.

Dated: September 13, 2024

/s/ Mohammad O. Jazil
*Counsel for Defendants-Appellants Surgeon General and the Board Members*

/s/Henry C. Whitaker
*Counsel for Defendants-Appellants Surgeon General, State Attorney Gladson, and the Board Members*

## TABLE OF CONTENTS

Table of Authorities ...................................................................................................ii

Introduction ........................................................................................................... 1

Argument ............................................................................................................... 1

Conclusion ............................................................................................................. 6

Certificate of Compliance ................................................................................... 8

Certificate of Service ........................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Adams v. School Board of St. Johns County*,
    57 F.4th 791 (11th Cir. 2022) ...................................................................... 4

*Eknes-Tucker v. Governor of Alabama*,
    80 F.4th 1205 (11th Cir. 2023) .................................................................... 4

*Heller v. Doe by Doe*,
    509 U.S. 312 (1993) ..................................................................................... 4

*Michael Linet, Inc. v. Village of Wellington*,
    408 F.3d 757 (11th Cir. 2005) ..................................................................... 1

## INTRODUCTION

Plaintiffs "relitigate old matters." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (addressing a Rule 59(e) motion). They make the same arguments, using the same evidence. Because Plaintiffs raise nothing new, this Court should deny their motion for reconsideration.

## ARGUMENT

Plaintiffs present three bases for reconsideration. None warrant it. Each is discussed in turn.[1]

**A.** As their first basis, Plaintiffs say that the stay panel "erroneously concluded that the district court likely misapplied the presumption of legislative good faith in conducting its analysis of discriminatory intent under" the *Arlington Heights* framework. Mot. at 18. According to Plaintiffs, the stay panel failed "to consider" or "discuss" the entire legislative and medical-board record, and improperly "created a requirement that a party seeking to establish an improper discriminatory purpose must prove that all or most of the relevant decisionmakers were motivated solely by such an improper purpose." Mot. at 18-20, 23-29.

---

[1] In this response, the State's stay motion is referred to as "Stay Mot.", Plaintiffs' stay response is referred to as "Stay Resp.", the State's stay reply is referred to as "Stay Reply", and this Court's stay order is referred to as "Stay Order". Plaintiffs' motion for reconsideration is simply referred to as "Mot." Page numbers refer to the upper-right, blue page numbers, not the bottom-center, black ones.

1

Yet this first basis for reconsideration rehashes the central argument in the stay papers: whether the record, and the district court's analysis of the record, warrants an animus finding. The State thoroughly briefed this issue in its stay motion. Stay Mot. at 26-31. Plaintiffs provided a detailed response. Stay Resp. at 26-37. The State furthered its arguments in the reply, expressly addressing Plaintiffs' *Arlington Heights* arguments. Stay Reply at 8-10. Plaintiffs therefore raise nothing new, and it's a stretch to suggest that the stay panel failed to consider arguments that featured prominently in the papers.

Not content, Plaintiffs argue that the stay panel failed to consider the medical-board-related evidence—the purported "irregularity in the process," "arranging for speakers to oppose gender-affirming care," "evidence of bias," and "incomprehensible" informed-consent forms. Mot. at 20, 25, 28. But, again, these are the exact same arguments—the "irregularity of the process," the "arranging for speakers who oppose medical care for gender dysphoria," contentions of "bias," and "incomprehensible" informed-consent forms—that were raised in Plaintiffs' stay response, *see* Stay Resp. at 19, 25, 36, considered by this panel, and determined unlikely to succeed. Plaintiffs can't avail themselves, in a motion for reconsideration, of these copy-and-paste arguments.

Nor did the stay panel somehow "create[] a requirement that a party seeking to establish an improper discriminatory purpose must prove that all or most of the relevant decisionmakers were motivated solely by such an improper purpose." Mot. at 25. The stay panel merely relied on binding precedent to state the uncontroversial: one legislator can only speak for himself, and not the entire state house, not the entire state senate,

2

and not two independent medical boards. Stay Order at 6 n.2 (relying on Supreme Court and circuit precedent, including two *Arlington Heights* circuit cases). This was the issue (as already thoroughly briefed by the State in its stay papers) that the district court ran into: "the statements of a handful became the fulcrum around which the district court's animus conclusion turned." Stay Mot. at 30. Far from applying a new rule or requirement, the stay panel faithfully applied precedent and identified an obvious error in the district court's final order.

Plaintiffs' first basis for reconsideration must fail.

**B.** The second basis for reconsideration fails, too. Rehashing an accusation in the panel dissent, Plaintiffs contend that the stay majority mischaracterized the district court's treatment of the step-two "same-decision defense" as a mixed-motive analysis. Mot. at 20-21. That is not what the panel did. The panel faulted the district court, correctly, for misapplying the step-*one* animus analysis, by examining the record through a distorted lens akin to a mixed-motive analysis under Title VII. As the stay panel said, "nothing in *Arlington Heights* suggests that" this mode of analysis "is appropriate in this context. Indeed, for" "cases the district court" (and Plaintiffs in their motion for reconsideration) "cited to support its impermissible motive holding," "no legitimate interest at all supported the legislative action." Stay Order at 6-7.

This issue was fully briefed before the stay panel. As such, Plaintiffs' second basis for reconsideration is insufficient.

3

**C.** As their final basis for reconsideration, Plaintiffs accuse the stay majority of contradicting *Eknes-Tucker v. Governor of Alabama*, 80 F.4th 1205 (11th Cir. 2023), by stating that "even if the district court were correct in its animus decision, heightened scrutiny under the Equal Protection Clause does not apply to invidious discrimination based on a non-suspect class." Mot. at 21. Plaintiffs quote *Eknes-Tucker* for the proposition that heightened scrutiny would apply if a ban on medical care were "a pretext for invidious discrimination." 80 F.4th at 1230. On that basis, they purport to have identified a conflict between the panel ruling and *Eknes-Tucker*.

Plaintiffs' selective quotation from *Eknes-Tucker* omits a critical assumption. That passage in *Eknes-Tucker* was assuming, for sake of argument, that transgender persons constituted a suspect class. Without that assumption, it is not the case, nor did this Court in *Eknes-Tucker* suggest it to be the case, that a regulation of medical care would be subject to heightened scrutiny if it were in fact a pretext for discrimination on the basis of transgender status. It is black-letter law that discrimination against a non-suspect class, pretextual or otherwise, is subject only to rational-basis review. *Heller v. Doe by Doe*, 509 U.S. 312, 319-20 (1993).

The Court made its assumption clear in *Eknes-Tucker* by stating that it continued to harbor "grave 'doubt' that transgender persons constitute a quasi-suspect class," *id.* (quoting *Adams v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 803 n.5 (11th Cir. 2022)), and then saying "[e]ven if they did," the law in that case would not trigger heightened scrutiny because the district court made no findings of pretext, *id.* Thus, the panel was

4

entirely correct to conclude that "we, like the district court, are also bound by *Eknes-Tucker* to conclude that heightened scrutiny does not apply under footnote four of *Carolene Products*." Stay Order at 7 n.3.

On top of that, to get to the stay majority's statement, you have to get past the stay majority's holding that "rational basis review applie[s] when considering" gender-dysphoria laws under *Eknes-Tucker* (which is correct), that such laws aren't sex-based or based on gender nonconformity (which is also correct), and that transgender individuals aren't a discrete and insular minority (correct and stated above). Stay Order at 7. And you have to get past the stay majority's other merits-related reason to justify a stay: that the district court incorrectly found animus.

Plaintiffs' issue with a third-tier rationale in one of two merits-related determinations doesn't warrant reconsideration, and reversal, of the stay decision.

\*    \*    \*

One final point. Plaintiffs' motion for reconsideration addresses only one of the four stay factors, likelihood of success on the merits. The remaining factors aren't dealt with. Nor do Plaintiffs mention that this Court expedited the briefing and oral-argument schedule, thereby reducing any purported harms that Plaintiffs might invoke.

All of this is to say that, on top of Plaintiffs' three deficient merits-related arguments, they fail to address other stay factors and fail to acknowledge the fast-tracked nature of this case. Those considerations, too, should militate against their motion for reconsideration.

5

## CONCLUSION

In sum, this Court should deny Plaintiffs' motion for reconsideration.

Dated: September 13, 2024

/s/ Mohammad O. Jazil
Mohammad O. Jazil
mjazil@holtzmanvogel.com
Michael Beato
mbeato@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 274-1690

*Counsel for Defendants-Appellants Surgeon General and the Board Members*

Ashley Moody
   *Attorney General of Florida*

/s/ Henry C. Whitaker
Henry C. Whitaker
henry.whitaker@myfloridalegal.com
   *Solicitor General*
Daniel W. Bell
daniel.bell@myfloridalegal.com
   *Chief Deputy Solicitor General*
Myles S. Lynch
myles.lynch@myfloridalegal.com
   *Assistant Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399
(850) 414-3300

*Counsel for Defendants-Appellants Surgeon General, State Attorney Gladson, and the Board Members*

7

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing complies with the typeface and type-style requirements of Rule 32. I also certify that this response contains 1,262 words.

Dated: September 13, 2024　　　　　　　/s/ Mohammad O. Jazil
　　　　　　　　　　　　　　　　　　Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing certificate was filed on ECF.

Dated: September 13, 2024　　　　　　　/s/ Mohammad O. Jazil
　　　　　　　　　　　　　　　　　　Mohammad O. Jazil

8